GARCÍA *v.* CAÑADA.

APPEAL from the District Court of San Juan.

No. 50.—Decided December 6, 1906.

APPEAL—TRANSCRIPT OF THE RECORD.—Where a complaint is filed and demurred to and subsequently an amended complaint is filed, the original complaint and the demurrer thereto should not be included in the transcript of the record on appeal.

ID.—BILL OF EXCEPTIONS—CERTIFICATE OF JUDGE—ORDER OF COURT APPROVING SAME.—The bill of exceptions as well as the statement of facts presented in the Supreme Court on appeal should be signed by the judge of the court below, and a certificate of the secretary of the court to the effect that in the minutes of the court there appears an order of the judge approving the statement of facts is not sufficient for a compliance with this requisite, which is necessary to show that the facts are stated therein as they occurred during the trial.

ID.—STATEMENT OF FACTS.—Although no motion whatever has been made seeking a new trial the statement of facts on appeal from the judgment must be prepared in the same form and comply with the same requirements as a bill of exceptions.

CONTRACT—SERVICES RENDERED—CONSIDERATION.—In an action for the recovery of money for services rendered the consideration inducing the plaintiff to render such services to the defendant must be stated, likewise the nature of

the contract entered into by the parties; and in the absence of such an allegation, the court will not presume that there was an agreement to pay a definite sum of money for the services rendered.

ID.—EVIDENCE OF REMUNERATION FOR SERVICES.—In the different States of the Union it is sufficient to prove in actions of this nature that the services were rendered, it being necessary to show in addition some means of recompense, or some practice or custom to justify the demand made.

ID.—CONTRACT FOR A STIPULATED SUM.—In Porto Rico contracts for personal services are governed by the Civil Code under which the existence of a contract for a specific sum is presumed, and no provision thereof authorizes payment for such services in cases where there is no contract made.

ID.—CASES IN WHICH THE EXISTENCE OF A PRICE CERTAIN WILL BE PRESUMED.— For the purposes of the foregoing doctrine it is understood that a price certain exists, not only when it is expressly so agreed, but also when it is recognized by custom and frequent usage in the place at which such services are rendered.

ID.—CAUSE OF ACTION.—A complaint for the recovery of compensation for services rendered which does not allege the existence of a contract for a price certain or the custom of the place in regard to the mode of compensation for services, does not state facts sufficient to constitute a cause of action.

The facts are stated in the opinion.

*Mr. Bosch* for appellant.

*Mr. Benítez Castaño* for respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

The respondent, Dionisia García sued the appellant Baltazar Cañada before the District Court of San Juan, and that court found judgment in her favor for 360 *pesos.*

A complaint was filed in the case and a demurrer thereto, but as an amended complaint was subsequently filed it will be unnecessary for us to consider the questions raised by the original complaint and the demurrer. Indeed no reason appears for putting these writings in the record.

The judgment roll proper therefore is made up of the amended complaint, the answer and the judgment itself. Attached to the roll is the so-called *"exposición del caso."* It is certified to by the attorney for the appellant. In conformity with the Code of Civil Procedure, we have held in a number of cases that bills of exception must be signed by the judge. It is true that there is a certificate of the clerk to the effect

that on the minutes of the District Court of San Juan appears an order of the judge approving the statement of the case. Such procedure, however, would not dispense with the necessity of the judge's signature in case of a bill of exceptions. In the case of *Eurípides López* v. *American Railway Company of Porto Rico*, decided on the 28th of June, 1906, the court through Mr. Justice MacLeary says: "When the counsel agree upon a bill of exceptions, if they can agree, it should be presented to the judge for his approval." After setting out some of the things the bill of exceptions should contain, the opinion goes on to state: "All this should appear over the official signature in a written certificate of the judge trying the case." Is there a different rule applicable for a "statement of the case"? We think not. It is eo be noticed that the place in the code where "the statement of the case" is discussed is in Chapter VI of the Code of Civil Procedure on new trials. In order to review an erroneous judgment founded on the evidence a statement of facts and a bill of exceptions would practically amount to the same thing. Therefore, even without a motion for a new trial we should consider a "statement of the case," presented in the same way as if it were a bill of exceptions, although no specific authority for such statement is given, except in a motion for a new trial. We have seen that a bill of exceptions must be signed by the judge, so likewise must the statement of the case. Section 223 of the Code of Civil Procedure shows that the judge's signature is an indispensable requisite. The reasons for the rule are the same in either case. To show that the paper filed sets forth the facts as they were presented at the trial the signature of the judge is necessary.

In this case we are therefore limited to an examination of the judgment roll. As shown on the face of the complaint and as contended at the hearing, the action is not founded on any express agreement on the part of the defendant to pay the plaintiff any sum, but on an implied contract for the value of the services.

The complaint in the case is as follows:

"Dionisia García y Estrella, files her complaint against Baltazar Cañada and alleges: 1. That about the 1st of February, 1894, the plaintiff went to the house of the defendant, at his request to work as a domestic and to care for his children, and other duties of the house, all of which the plaintiff has done continuously from that date up to about the 15th of January, 1905; 2. That the reasonable value of such services is 25 *pesos* provincial money up to the first of July, 1899, and fifteen dollars American money after that date; 3. The defendant has not paid for such services nor any part thereof, notwithstanding the many demands made by the plaintiff that he should do so."

Thus it will be seen that the consideration for which the plaintiff worked is not set forth. What was the contract between the parties is not shown. We cannot tell from the complaint what was the cause or the consideration that impelled the plaintiff to render services to the defendant. The court then cannot presume the contract for the payment of a given sum where no agreement to pay is alleged. It is evident from the second paragraph of the complaint that the plaintiff was relying on a *quantum meruit* and not on an express agreement.

In most of the States of the Union where the common law prevailed, if a person performed work or labor for another the law generally implied a contract on the part of the employer to pay a reasonable wage. With respect to this principle Schoulder on Domestic Relations, section 473, says:

"But the mere existence of a valid contract of hiring and services does not necessarily imply a contract to pay wages; for board, lodging, clothes, or the opportunity of learning business, might be sufficient compensation; particularly in case of the young. So any employer has a right to judge for himself how he will carry on his own business; and workmen, having knowledge of the circumstances, must judge for themselves whether they will enter his services."

And a number of cases are cited in the footnotes. It thus becomes apparent that even in the various States it is not sufficient merely to prove the performance of services. Some-

thing else is necessary. Some measure of recompense, some custom or practice must likewise be shown. In Porto Rico we must primarily look to the provisions of the Civil Code for the purpose of determining whether the plaintiff has a cause of action. Sections 1446, 1447 and 1486, *et seq.*, presuppose the existence of a contract for a given wage and no express authority for payment in the absence of a contract is elsewhere given by the Civil Code. "A specified price" is the requirement of section 1447. In construing this section (1544 of the old Civil Code) the Supreme Court of Spain has said:

"A contract of hire of services or work consists, according to the provisions of article 1544, of the Civil Code, which is in accordance with the provisions of law 1, Title VIII of the Fifth *Partida,* of an obligation assumed by one of the parties to execute a certain work, or render to the other party some service for the fixed price, it being understood that this exists, as has been held by this Supreme Court, not only when it is expressly agreed, but also when it is known from custom and frequent usage in the place where such services are rendered." (Decisions of the Supreme Court of Spain, 18th of October, 1899.)

So that the principles prevailing under our Civil Code and in the States do not present a great degree of difference. Does the complaint, then, set forth a cause of action? It has been very common in Porto Rico for servants to enter the employ of a person relying on an agreement to board and lodge them. The plaintiff entered the service of the defendant in 1894 and the contract of service, if any, must have been made with reference to the provisions of the law then in force..

Without some allegations of an agreement to pay wages: or some custom or practice the complaint is insufficient. In: view of the state of the law we cannot assume that there was a custom or practice to pay wages in this class of hiring or services. Under these circumstances the complaint is defective, and we must hold that the judgment be reversed and the com-

plaint dismissed for the failure of the latter to set forth a cause of action.

                                                *Accordingly decided.*

Chief Justice Quiñones and Justices Hernández, Figueras and MacLeary concurred.